**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY a/s/o Value Discount Flooring, Inc. 518 East Broad St. Columbus, OH 43215 | :<br>:<br>:<br>:<br>: |

                 Docket No.
                 JURY TRIAL DEMANDED

                        Plaintiff,   :

v.   :

DOLLAR TREE, INC.
500 Volvo Pkwy.
Chesapeake, VA 23320   :

                    Defendants.   :

## COMPLAINT

Plaintiff, State Automobile Mutual Insurance Company, for its Complaint against

Defendant, Dollar Tree, Inc., avers as follows, upon information and belief:

## PARTIES

1.     Plaintiff, State Automobile Mutual Insurance Company ("State Auto") is

organized and existing under the laws of the State of Ohio, with its principal place of business at

518 East Broad St., Columbus, OH 43215.

2.     At all times material hereto, Plaintiff issued policies of insurance in the State of

Connecticut.

3.     Defendant, Dollar Tree, Inc. ("Dollar Tree"), is a corporation organized and

existing under the laws of the State of Virginia, with a principal place of business located at 500

Volvo Parkway, Chesapeake, VA 23320.

LEGAL\114282646\1

## JURISDICTION AND VENUE

4.     The jurisdiction of this Court is proper pursuant to 28 USC § 1332 as this action is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

5.     Venue is proper in this district pursuant to 28 U.S.C. 1391 as the events or omissions giving rise to the claims at issue occurred within this district and defendants are subject to personal jurisdiction within the district.

## FACTUAL ALLEGATIONS

6.     At all times material hereto Value Discount Flooring, Inc. ("Plaintiff's Insured" or "Value Flooring") occupied the property located at 1770 Boston Post Rd., Milford, CT (the "Value Flooring Property").

7.     At all times material hereto, State Auto provided property insurance to Value Flooring and their interest in the Value Flooring Property and their personal business property, pursuant to a policy of insurance.

8.     Prior to July 9, 2024, Defendant Dollar Tree occupied a unit above the Value Flooring Property, also at 1770 Boston Post Rd., Milford, CT (the "Dollar Tree Property").

9.     On July 9, 2024, a Dollar Tree employee struck and damaged a sprinkler head located in the Dollar Tree property, while moving boxes, which caused a release of water and flooding (the "Incident").

10.     The Incident caused water to flood the Value Flooring Property which resulted in significant damage to Value Flooring and its inventory.

11.     As a result of the damage Value Flooring submitted a claim to its insurance carrier State Auto.

2

12.    Pursuant to its policy of insurance State Auto has issued payments to Value Flooring in an amount in excess of $339,100.00.

13.    In accordance with the common law principles of legal and equitable subrogation and the terms of the aforementioned insurance policy, Plaintiff State Auto is subrogated to the rights of Value Flooring, to the extent of its payments.

## COUNT I: NEGLIGENCE

### Plaintiff v. Defendant Dollar Tree

14.    Plaintiff incorporates the allegations contained in the foregoing paragraphs as though each were set forth fully herein at length.

15.    Defendant owed Plaintiffs' Insureds a duty to perform its work and use its property in a reasonable and prudent manner, including not damaging a sprinkler, and otherwise not allowing water to flood the Value Flooring Property, which Defendant breached.

16.    The Incident and resulting damage was caused by the negligence, carelessness, recklessness, gross negligence, negligence per se, and negligent acts or omissions of Defendant, its agents, servants, contractors, subcontractors, and/or employees acting within the course and scope of their employment, including:

> A.    Damaging a sprinkler head;
>
> B.    Failing to ensure no damage occurred to the sprinkler head;
>
> C.    Allowing its equipment and/or materials to damage the sprinkler;
>
> D.    Failing to properly perform its work;
>
> E.    Failing to stop the flow of water upon damaging the sprinkler;
>
> F.    Failing to warn Plaintiff's Insureds about the dangerous condition at the Dollar Tree property;
>
> G.    Failing to ensure it did not create a flood when occupying the Dollar Tree property;

3

H.    Failing to comply with laws, codes, standards, and ordinances, including provisions of OSHA, and other applicable codes and standards, including NFPA standards;

I.    Failing to hire competent and/or qualified contractors and/or employees to perform the aforementioned work;

J.    Failing to properly supervise, advise, and/or train its contractors, subcontractors, employees, representatives, and/or agents in the performance of their work;

K.    Otherwise failing to use due care under the circumstances.

17.    As a direct and proximate result of Defendant's conduct, Plaintiff's Insureds sustained significant damages.

WHEREFORE, Plaintiff State Automobile Mutual Insurance Company, demands judgment in its favor and against Defendant, in an amount in excess of $339,100.00, together with interest, costs, attorneys' fees and any further relief that is deemed reasonable and just.

Respectfully,

David J. Crotta, Jr. Esquire
Esty & Buckmir
2285 Whiteney Avenue
Hamden, CT 06518
O 203-248-5678
dcrotta@estyandbuckmir.com

Co-Counsel:
*To Move for Pro Hac Vice Admission*
Michael D. O'Donnell
Cozen O'Connor
1650 Market St., Suite 2800
Philadelphia, PA 19103
(215) 665-6932
mdodonnell@cozen.com

4

LEGAL\114282646\1